UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL W.,

            Plaintiff,                        **DECISION AND ORDER**

      v.

                                          1:23-cv-00057-EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

## INTRODUCTION

Plaintiff Daniel W. ("Plaintiff") brought this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1). On July 11, 2023, the Court granted the Defendant's motion to remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 11). Judgment was entered that same day. (Dkt. 12).

Presently before the Court is Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. 13). Plaintiff seeks a total of $9,433.53 in attorney's fees and $402.00 in costs.[1] (Dkt. 13; Dkt.

---

[1] Plaintiff initially sought $7,691.11 in attorney's fees and $402.00 in costs. (Dkt. 13). Following the Commissioner's response in opposition, Plaintiff's counsel contends she expended an additional 7.1 hours drafting Plaintiff's reply papers, which translated into $1,742.42 of additional legal fees that Plaintiff is now seeking under the EAJA. (Dkt. 15 at 1-2, 7).

- 1 -

15).  The Commissioner objects on the grounds that the hours expended and hourly rates are unreasonable and urges that the fees be cut by 20% across-the-board.  (Dkt. 14).  For the reasons that follow, the Court grants Plaintiff's motion in part, and awards Plaintiff a total of $8,417.39 in attorney's fees and $402.00 in costs pursuant to the EAJA.

### DISCUSSION

I.  **Legal Standard**

As the Second Circuit has explained:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)).  "Thus, under the EAJA, eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; [and] (3) that no special circumstances make an award unjust."  *Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (citation and quotations omitted).

The Commissioner does not dispute that Plaintiff was a prevailing party, nor does she challenge the timeliness of Plaintiff's motion.  (Dkt. 14 at 2).  Similarly, the Commissioner does not contend that her position was substantially justified, nor does she allege that special circumstances make an award unjust.  Rather, the Commissioner's sole objection to Plaintiff's fee request is the reasonableness of the hours expended by

Plaintiff's counsel and the hourly rate used to calculate Plaintiff's attorney's fees. (*Id.* at 3-8).

The Court agrees with Plaintiff and the Commissioner that an award of fees is appropriate under the EAJA. Thus, the only question left to resolve is the reasonableness of the hours expended by counsel and the correct hourly rate to be applied to calculate Plaintiff's attorney's fees.

## II.  Analysis

### A.  Reasonableness of the Hours Expended

It is well-recognized that EAJA fees are determined by examining the amount of time spent on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). A district court has broad discretion in determining the reasonableness of an attorney's fee request, though it "need not . . . scrutinize[] each action taken or the time spent on it . . . ." *Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel is not required to record in great detail how each minute of his time was expended, but he must identify the general subject matter of his time expenditures," *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (internal citations and quotations omitted), and "make a good faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary," *Hensley*, 461 U.S. at 433-34. "When the documentation of hours is inadequate, the district court may reduce the award accordingly but must provide a concise but clear explanation of its reasons for the fee award." *Vincent*, 651 F.3d at 307 (internal citations and quotations omitted).

Generally, "[w]hen determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-cv-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020). A routine social security case on average requires 20 to 40 hours of attorney time to prosecute. *See Sava v. Comm'r of Soc. Sec.*, No. 06-CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (collecting cases).

Here, Plaintiff's counsel contends she spent 31.4 hours on Plaintiff's substantive matter in 2022 and 2023, and 7.1 hours preparing Plaintiff's reply to the Commissioner's objection to the instant motion. (Dkt. 13-2 at 1; Dkt. 15-1 at 1). The Commissioner objects to the hours spent by counsel on the underlying matter arguing that while within the 20 to 40 hour range, they are unreasonable. (Dkt. 14 at 3-7). Specifically, the Commissioner questions the hours expended by counsel because of "block billing" time entries, making it impossible to determine exactly how much time counsel spent on each legal task. (*Id*. at 4-6). The Commissioner argues that because Plaintiff's counsel's billing practices are unclear, Plaintiff's EAJA fees should be reduced by 20%. (*Id*. at 6-7).

"Block billing— . . . the practice of lumping multiple distinct tasks into a single billing entry—is generally disfavored because it can complicate the district court's task of determining the reasonableness of the billed hours." *Raja*, 43 F.4th at 87 (citation omitted); *see also Hnot v. Willis Grp. Holdings Ltd.*, No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008) ("Block-billing can make it difficult for a court to conduct its reasonableness analysis, because a single billing entry might mix tasks that are compensable with those that are not, or mix together tasks that are compensable at different rates."). However, block billing can be "permissible as long as the district court is still able to conduct a meaningful review of the hours for which counsel seeks reimbursement." *Raja*, 43 F.4th at 87 (quotation omitted).

Here, while Plaintiff's counsel did engage in block billing, the Court does not find the practice so egregious as to prevent meaningful review of the tasks and hours incurred. But the Court does conclude that the hours spent on this matter, including the time incurred reviewing the administrate transcript and drafting a brief, are unreasonable. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.") (internal citations and quotations omitted); *see also Hnot*, 2008 WL 1166309, at *6 ("[C]ourts have ordered . . . reductions for block-billing only where there was evidence that the hours billed were independently unreasonable or that the block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate.").

A significant factor that persuades the Court to make this determination is the length of the administrative transcript—at 354 pages it is substantially shorter than most administrative transcripts filed with courts in this Circuit.  *See Robert D. v. Kijakazi*, No. 3:17CV00075(AWT), 2022 WL 633731, at *2 (D. Conn. Mar. 4, 2022) (716 pages is a typical length of the administrative record in social security cases) (collecting cases). Additionally, the portion of the administrative transcript dedicated to Plaintiff's medical records—arguably the primary focus of counsel's review—was only 95 pages long.  (Dkt. 3 at 259-54).

Furthermore, the issues presented in this case were not overly complex or novel. According to Plaintiff's counsel, she spent at least 26.2 hours reviewing the administrative record, conducting legal research, and drafting a 15-page memorandum of law.[2] (Dkt. 13-2 at 1).  Plaintiff's legal brief raised three arguments challenging the ALJ's failure to obtain a neurocognitive evaluation that was missing from the record and evaluate the functional effects of stress and daily activities on Plaintiff's Parkinson's disease.  (Dkt. 7-1 at 7-15). While the Court recognizes that due to the seriousness of Plaintiff's impairment, counsel's legal research could have taken more time than she typically spends researching routine matters, the argument related to the ALJ's failure to develop the record was far from novel. *See  Molina o/b/o M.W.M. v. Berryhill*, No. 15-CV-8088 (JLC), 2017 WL 3437572, at *3

---

[2]     Plaintiff's time records indicate that the brief was 18 pages (Dkt. 13-2 at 1), but a review of the filing reveals that it was actually only 15 pages (with a standard conclusion contained on page 16) (Dkt. 7-1).

(S.D.N.Y. Aug. 11, 2017) (the ALJ's duty to develop the record "is arguably routine in social security cases").

Counsel argues that she had to address the Commissioner's possible responses and rely on three cases in her brief, one of which had not been cited before and two that were out-of-District cases, all of which made Plaintiff's argument particularly complex. (Dkt. 15 at 4-5). The Court is not persuaded. There is no dispute that Plaintiff's counsel is a seasoned practitioner who is well-versed in the applicable social security disability law. Considering her extensive experience in representing litigants in this District, as well as the particular brevity of the administrate transcript (and associated medical records), the Court finds that counsel could have presented the case more efficiently than spending over 26 hours reviewing Plaintiff's medical records and drafting three legal arguments, two of which amounted to little more than routine arguments. *See, e.g.*, *Vonaa v. Berryhill*, No. 3:17-cv-01378 (WIG), 2019 WL 2206066, at *2 (D. Conn. May 22, 2019) (attorney's hours spent on reviewing a 900-page record and performing research were reduced because the factual and legal issues were not overly complex, and counsel had extensive experience in litigating social security cases and represented plaintiff at the administrative level); *Bilicki o/b/o Castle v. Berryhill*, No. 1:15-cv-00113(MAT), 2018 WL 1726529, at *3 (W.D.N.Y. Apr. 10, 2018) (attorney's hours spent on routine review, research, and drafting work, particularly review of the administrative record that was 399 pages long, were reduced as unreasonable); *McKevitt v. Colvin*, No. 1:11-CV-970, 2014 WL 1764339, at *3 (N.D.N.Y. May 1, 2014) (time spent on drafting a legal brief of 25 pages was excessive where the first 10 pages contained a recitation of facts and the remaining pages were spent on simple

arguments); *Destefano v. Astrue*, No. 05-CV-3534 (NGG), 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008), *adopted*, 2008 WL 2039471 (E.D.N.Y. May 9, 2008) (reduction of hours was warranted where the hours spent on drafting a complaint and a memorandum of law were excessive and the litigated issues were not overly complex) (collecting cases); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (attorney's fees were reduced because counsel spent excessive hours on a matter with simple history and substantive issues, and where the transcript was 353 pages long).

In addition, the 7.1 hours purportedly spent on the reply memorandum submitted in connection with the pending motion, is not reasonable.[3] Plaintiff's counsel represents that she spent one hour putting together the initial fee application (Dkt. 13-2 at 2), but then spent seven times that amount—representing almost 25% of the total time incurred litigating the underlying substantive issues before the Court—on preparing a seven page reply memorandum of law[4] and two page reply affidavit. While the Court acknowledges that it was important for Plaintiff's counsel to respond to the Commissioner's arguments and research the applicable areas of law, the Court is not persuaded that the work product

---

[3] The Court agrees with Plaintiff that the time spent on the fee application itself should be part of the award. *See Trichilo v. Sec'y of Health & Hum. Servs.*, 823 F.2d 702, 708 (2d Cir. 1987) ("[W]here the government's position in the underlying dispute has been found to be . . . not substantially justified, the reasonable attorney's fee plaintiff is entitled to recover should encompass the time spent by counsel litigating the fee issue itself.").

[4] Although spanning a total of eight pages, the reply memorandum simply contains counsel's signature block on the last page, and given the extra spacing of the formatting on the seventh page, it appears that counsel could have fit the reply memorandum on seven pages. (*See* Dkt. 15).

submitted by Plaintiff in reply reasonably reflects 7.1 hours of time by an attorney well-versed and experienced in this area of the law.

In light of the above, the Court finds that a 10 percent across-the-board reduction in Plaintiff's counsel's hours is warranted. *See Robert D. v. Kijakazi*, No. 3:17CV00075(AWT), 2022 WL 633731, at *4 (D. Conn. Mar. 4, 2022) (collecting cases recognizing the district court's discretion to make an across-the-board cut in attorney's fees award ranging from 5% to 50%); *Maerkel v. Comm'r of Soc. Sec.*, No. 3:17-cv-00170 (JAM), 2020 WL 57526, at *3 (D. Conn. Jan. 6, 2020) ("Courts in this circuit have reduced fee awards by roughly 25% to 40% when they have found billing for an excessive number of hours in social security cases."). This results in a reduction of the total hours for which Plaintiff's counsel should be reimbursed from 38.5 hours to 34.65 hours.

### B. Hourly Rate

"Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322-MJR, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted); *see also Caplash* v. *Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (the cost-of-living adjustment is calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." (citation omitted)). "The hourly rate should only be increased by the corresponding

CPI for each year in which the legal work was performed." *Montes*, 2019 WL 2264967, at *3 (internal brackets omitted).

Plaintiff's counsel submits that with the exception of the 3.0 hours she billed in December 2022, all of her legal work was performed from January through August 2023. (Dkt. 13-2 at 1-2; Dkt. 15-1). The Court notes several issues with counsel's calculation of her hourly rate. First, it appears that counsel calculated one CPI-adjusted hourly rate based on the total hours of legal work performed on behalf of Plaintiff instead of applying a different cost of living adjustment for each year in which hours were billed. This was improper considering that the CPI-adjusted hourly rate in 2022 was different than the hourly rate in 2023. *See Caplash*, 294 F. Supp. 3d at 136 ("The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." (quotation omitted)). Accordingly, applying the CPI-adjusted hourly rate for 2022 to the 2.7 hours awarded for that year (representing the total hours of 3.0 less 10%), the attorney's fees for 2022 would amount to $634.37.[5]

Second, despite submitting her application in August 2023, Plaintiff's counsel did not include the correct hourly rate for the months she worked on Plaintiff's matter in 2023 and, instead, applied the hourly rate calculated as of June and July 2023. (Dkt. 13-2 at 2;

---

[5] Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on October 18, 2023), the CPI-adjusted hourly rate for 2022 was $234.95, which is calculated by averaging the individual CPIs for each month of 2022 and applying the annual average CPI (292.655) to the following formulas:

$$\frac{\$125.0 \text{ (hourly rate in statute)}}{155.7 \text{ (CPI as of March 1996)}} = \frac{\$X}{292.655 \text{ (average CPI for 2022)}}.$$

Dkt. 15-1 at 2). The CPI-adjusted hourly rate for the period from January 2023 through August 2023 was $243.60.[6] Applying the CPI-adjusted hourly rate for the period from January 2023 through August 2023 to the 31.95 hours awarded for that year (representing the 28.4 hours reflected in the initial fee application and the 7.1 hours reflected in the reply papers, less 10%) equals $7,783.02. Accordingly, in light of the hours spent by Plaintiff's counsel on representation of Plaintiff's interests in 2022 and 2023, and the adjusted hourly rates for each year of her representation, Plaintiff's counsel is entitled to an award of $8,417.39 in attorney's fees and $402.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. 13) is granted in part and denied in part. The Commissioner shall pay $8,417.39 in attorney's fees and $402.00 in costs to Plaintiff's counsel subject to offset under the Treasury Offset Program, if any.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   November 27, 2023
         Rochester, New York

---

[6]   The CPI-adjusted hourly rate for the eight months of 2023 was $243.60, which is calculated by averaging the individual CPIs for each month of 2023 that counsel worked on Plaintiff's matter (January-August) and applying the average CPI of 303.429 to the following formulas:

$$\frac{\$125.0 \text{ (hourly rate in statute)}}{155.7 \text{ (CPI as of March 1996)}} = \frac{\$X}{303.429 \text{ (average CPI for January-August 2023)}}.$$